UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

| | |
|---|---|
| IVANIA AMADOR, CHRISTINA SEGUNDO-HERNANDEZ, ANGEL BURGOS JIMENEZ, JUANA RUEDA, JONAH ELIJAH MACIAS, and BRADLEY HARMON, <br><br> Plaintiffs, <br><br> v. <br><br> STEVEN MNUCHIN, sued in his official capacity as U.S. Secretary of the Treasury; CHARLES RETTIG, sued in his official capacity as U.S. Commissioner of Internal Revenue; U.S. DEPARTMENT OF THE TREASURY; and the U.S. INTERNAL REVENUE SERVICE, <br><br> Defendants. | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * Civil Action No. <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * |

**CLASS ACTION COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**INTRODUCTION**

1.  In response to the severe health and economic crisis caused by the COVID-19 pandemic, the U.S. Congress enacted the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"). One critical provision of the CARES Act creates recovery payments for individuals in order to provide direct economic assistance to workers and families. 26 U.S.C. §6428 (a). Although the recovery payments are intended to protect the American people from the public health and economic impacts of COVID-19, the CARES Act excludes married couples where one spouse lacks a social security number. 26 U.S.C. § 6428 (g)(1)(B). These married couples receive no recovery payments.

2. Plaintiffs are individuals who possess social security numbers and whose spouses lack social security numbers. Pursuant to 26 U.S.C. § 6428 (g)(1)(B), Plaintiffs receive no recovery payments under 26 U.S.C. § 6428 (a) even though they and their children are U.S. citizens.

3. Plaintiffs seek a declaration that 26 U.S.C. § 6428 (g)(1)(B) is unconstitutional. Plaintiffs further seek class-wide relief enjoining enforcement of 26 U.S.C. § 6428 (g)(1)(B) and further requiring Defendants to treat Plaintiffs, and those similarly-situated, the same as other married individuals.

## PARTIES

*Plaintiffs*

4. Plaintiff IVANIA AMADOR is a United States citizen who lives with her husband and three U.S. citizen children in Frederick, Maryland. Plaintiff AMADOR has been married to her husband for 6 years. Plaintiff AMADOR has a social security number and her husband does not have a social security number.

5. Plaintiff CHRISTINA SEGUNDO-HERNANDEZ is a United States citizen who lives with her husband and their four U.S. citizen children in Fort Worth, Texas. Plaintiff SEGUNDO-HERNANDEZ has been married to her husband for 5 years. Plaintiff SEGUNDO-HERNANDEZ has a social security number and her husband does not have a social security number.

6. Plaintiff ANGEL BURGOS JIMENEZ is a United States citizen who lives with her husband and five U.S. citizen children in Bristol, Virginia. Plaintiff BURGOS JIMENEZ has been married to her husband for 4 years. Plaintiff JIMENEZ has a social security number and her husband does not have a social security number.

7. Plaintiff JUANA RUEDA is a United States citizen who lives with her husband and three children in Columbus, Ohio. Plaintiff RUEDA and her husband have been married for 3 years. Plaintiff RUEDA has a social security number and her husband does not have a social security number.

8. Plaintiff JONAH ELIJAH MACIAS is a United States citizen who lives with his wife and one U.S. citizen child in Granger, Washington. Plaintiff MACIAS has been married to his wife for 2 years. Plaintiff MACIAS has a social security number and his wife does not have a social security number.

9. Plaintiff BRADLEY HARMON is a United States citizen who lives with his wife and four U.S. citizen children in Roy, Utah. Plaintiff HARMON has been married to his wife for 6 years. Plaintiff HARMON has a social security number and his wife does not have a social security number.

## *Defendants*

10. Defendant STEVEN T. MNUCHIN is the Secretary of the U.S. Department of the Treasury. In that capacity, among other things he oversees the collection of revenue, the preparation of plans for the improvement and management of the revenue and the preparation and report of estimates of the public revenue and public expenditures. As Secretary, Defendant Mnuchin exercises full authority to administer and enforce the internal revenue laws and has the power to create an agency to enforce these laws. As part of his duties, Defendant Mnuchin oversees the issuance of recovery payments to eligible individuals under the CARES Act. He is sued in his official capacity. At all times relevant herein, Defendant Mnuchin acted in an official capacity and under color of legal authority.

11. Defendant CHARLES RETTIG is the United States Commissioner of Internal Revenue. In that capacity, Defendant Rettig administers the application of the internal revenue laws and tax conventions to which the United States is a party. 26 U.S.C. § 7803. Defendant Rettig reports to the Secretary of the Treasury Defendant Mnuchin. As part of his duties, Defendant Rettig oversees the issuance of recovery payments to eligible individuals under the CARES Act. He is sued in his official capacity. At all times relevant herein, Defendant Rettig acted in an official capacity and under color of legal authority.

12. Defendant U.S. DEPARTMENT OF THE TREASURY is an agency of the U.S. government. The Department of the Treasury operates and maintains systems that are critical to the nation's financial infrastructure, such as the production of coin and currency, the disbursement of payments to the American public, revenue collection, and the borrowing of funds necessary to run the federal government.

13. Defendant U.S. INTERNAL REVENUE SERVICE is a bureau of the U.S. Department of the Treasury organized to carry out the responsibilities of the Secretary of the Treasury under section 7801 of the Internal Revenue Code. The Internal Revenue Service was created based on the legislative grant of authority to the Secretary of the Treasury to enforce the internal revenue laws. The IRS calculates and sends recovery payments to those eligible under the CARES Act.

## JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and § 1343 over Plaintiffs' causes of action under the United States Constitution. This Court may grant Plaintiffs' request for declaratory and injunctive relief under 28 U.S.C. §§ 2201 and 2202.

15. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(e)(1), because: 1) a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District, and 2) Plaintiff Ivania Amador resides in Frederick, Maryland within this District and no real property is involved in this action.

16. The United States has waived sovereign immunity for this action for declaratory and injunctive relief against its agencies, and the agencies' officers are sued in their official capacities. 5 U.S.C. § 702.

## FACTUAL ALLEGATIONS

### A. COVID-19 and the CARES Act

17. In March, 2020, the United States saw a drastic increase in the number of its residents who became sick and died from COVID-19. On March 11, 2020, the World Health Organization declared COVID-19 a global pandemic. On March 13, 2020, President Donald J. Trump declared COVID-19 a national emergency.

18. According to the U.S. Department of Labor, the national unemployment rate jumped to 4.4% in March 2020, up from 3.5% in February. This was the largest month-to-month increase since January 1975.[1] The increase in unemployment was driven by COVID-19 and the shelter-in-place orders implemented to combat the coronavirus. According to the Department of Labor, employment in leisure and hospitality fell by 459,000, mainly in food services and drinking places, and declines also occurred in health care and social assistance, professional and business services, retail trade, and construction.

---

[1] U.S. Department of Labor, Bureau of Labor Statistics, "THE EMPLOYMENT SITUATION — MARCH 2020," available at https://www.bls.gov/news.release/pdf/empsit.pdf (last visited April 27, 2019).

19. To provide families and workers assistance during this once-in-a-lifetime economic and health crisis, Congress enacted H.R. 748, the CARES Act. The Senate passed the CARES Act with a vote of 96 to 0 on March 25, 2020 and on March 27, 2020, the House of Representatives passed the CARES Act by voice vote. On March 27, 2020, the President signed the CARES Act into law (Public Law Number 116-136).

20. At the signing of the CARES Act, President Donald J. Trump stated: "This is a very important day. I'll sign the single-biggest economic relief package in American history[.] And this will deliver urgently needed relief to our nation's families, workers, and businesses."[2]

21. Section 2201 of the CARES Act amends Subchapter B of chapter 65 of subtitle F of the Internal Revenue Code of 1986, by adding a new section 6428. Section 6428 is codified at 26 U.S.C. 6428.

22. Section 6428 (a) provides economic stimulus payments ("recovery payments") to individuals. Under section 6428 (a) each "eligible individual" receives $1,200, and "eligible individuals filing a joint return" receive $2,400. Section 6428 (a)(2) provides each eligible individual an additional $500 for each of the individual's "qualifying children." Section 6428 (c) lessens these amounts for individuals making more than $75,000 and married couples filing jointly who make more than $150,000.

23. Section 6428, through a combination of provisions, excludes otherwise qualified individuals from receiving the CARES Act recovery payments solely because their spouses lack social security numbers.

---

[2] The White House, "Remarks by President Trump at Signing of H.R.748, The CARES Act," available at https://www.whitehouse.gov/briefings-statements/remarks-president-trump-signing-h-r-748-cares-act/ (last visited April 27, 2020).

24. Under Section 6428 (d), Plaintiffs are defined as "eligible individual[s]" because they are neither "nonresident alien individual[s]" nor dependent children.

25. Plaintiffs' children are also defined as "qualifying" for the recovery payments under section Section 6428 (a)(2) because the children are under the age of 17 and live in the U.S. 26 U.S.C 24 (c).

26. However, Section 6428 (g)(1)(B) also requires an eligible individual's spouse to have provided a "valid identification number" on the most recent tax return filed jointly with the IRS.

27. Section 6428 (g)(2) defines a "valid identification number" for an adult as a social security number.

28. Sections 6428 (g)(1)(B) and (g)(2) operate together to require both spouses to have social security numbers in order for any member of the family, including qualifying children, to be included in the recovery payment.

29. Plaintiffs' spouses possess Individual Taxpayer Identification Numbers (ITIN) issued to them by Defendant U.S. Internal Revenue Service.

30. An ITIN is not a social security number and is not a "valid identification number" for the purpose of providing a recovery payment under Section 6428 (a) of the CARES Act.

31. On their most recent tax returns, Plaintiffs provided their social security numbers, which is required by Section 6428 (g)(1)(A) in order for an eligible individual to receive a recovery payment. Plaintiffs also provided their children's social security numbers, which is required by Section 6428 (g)(1)(C) in order for payments for qualifying children to be included in the recovery payments. Plaintiffs also provided the ITINs of their spouses on the tax returns.

32. However, as a result of Section 6428 (g)(1)(B), although Plaintiffs and their children are U.S. citizens, and Plaintiffs would otherwise have received recovery payments under Section 6428 (a) of the CARES Act, Plaintiffs did not receive recovery payments because their spouses lack social security numbers.

33. But for their spouses lacking social security numbers, Plaintiffs would have received recovery payments for themselves and their children under the CARES Act, 26 U.S.C. §6428 (a).

34. There is no mechanism by which Plaintiffs can dispute their exclusion from recovery payments.

35. During the House of Representatives debate on the CARES Act, Representative TJ Cox pointed out what he called "this bill's glaring shortcomings" which included the fact that the bill "punishes mixed-status households and denies some American citizens benefits they deserve."[3]

36. The original Senate version of the CARES Act, S. 3548, required all married joint filers to include social security numbers for both spouses.  However, the Senate created an exception for cases in which "at least 1 spouse was a member of the Armed Forces of the United States at any time during the taxable year and at least 1 spouse [has a social security number]."  Section 6428 (g)(3).  The exception for military mixed-status couples appeared in the Senate's final version of the CARES Act, H.R. 748, and was enacted into law.

37. None of the Plaintiffs or their spouses was a member of the Armed Forces of the United States at any time during the taxable year.

---

[3] 166 Cong. Rec. H1841 (daily ed. Mar. 27, 2020) (statement of Rep. Cox of Cal.)

38. Section 6428 (g)(3) of the CARES Act demonstrates that Congress was aware that the recovery payments would be generally unavailable to qualified individuals who are married to and jointly file their taxes with non-citizens who lack a social security number.

39. In the weeks following passage of the CARES Act, the U.S. economy continued to contract because of the COVID-19 pandemic.  Across the U.S., states shut down schools and businesses and ordered residents to stay at home to slow the spread of the coronavirus.[4] On April 23, 2020, the U.S. Department of Labor reported that the advance seasonally adjusted insured unemployment rate was 11% for the week ending April 11.[5]  The number of initial jobless claims totaled 4.2 million in the week ending April 18.

40. The U.S. is now the country with the highest number of reported COVID-19 cases.[6]

**B.**   **Background on Individual Taxpayer Identification Numbers**

41. An ITIN is a unique tax processing number that the U.S. Internal Revenue Service issues to individuals who do not have and are not eligible for a social security number.  I.R.C. § 6109; Treas. Reg. § 301.6109-1(a)(1)(ii)(B).  Individuals use the ITIN to fulfill their legal obligation to file federal tax returns when their lack of formal immigration status prevents them from obtaining a social security number.  An ITIN does not confer any immigration status or provide work authorization or eligibility for social services programs.[7]

---

[4] The New York Times, "See Which States Are Reopening and Which Are Still Shut Down," April 27, 2020, available at https://www.nytimes.com/interactive/2020/us/states-reopen-map-coronavirus.html (last visited April 28, 2020).
[5] U.S. Department of Labor, "News Release, Unemployment Insurance Weekly Claims," April 23, 2020, available at https://www.dol.gov/ui/data.pdf (last visited April 27, 2020).
[6] The New York Times, "Coronavirus Map: Tracking the Global Outbreak," April 27, 2020, available at https://www.nytimes.com/interactive/2020/world/coronavirus-maps.html?action=click&pgtype=Article&state=default&module=styln-coronavirus&variant=show&region=TOP_BANNER&context=storyline_menu (last visited April 28, 2020).
[7] Internal Revenue Serv., "Instructions for Form W-7" (Sept. 2019), available at https://www.irs.gov/pub/irs-pdf/iw7.pdf (last visited April 27, 2020).

42. Federal law generally requires all wage earners to file tax returns and use an identification number. I.R.C. § 1. Individuals apply for ITIN by submitting a W-7 form and a completed tax return to the IRS. I.R.C. § 6109. The W-7 form requires applicants to prove their identity and foreign status with any of 13 acceptable documents by the IRS, such as a passport or a birth certificate.[8]

43. The ITIN application process is not an immigration enforcement tool, and the IRS is prohibited by law from sharing any taxpayer information with any other governmental agencies. I.R.C. § 6103(a). An estimated 4.3 million adults file taxes using an ITIN.[9] The IRS estimates ITIN tax filers pay over $9 billion in annual payroll taxes.[10]

C.  **Mixed-Status Families**

44. The Migration Policy Institute, a nonpartisan organization, estimates that close to two million U.S. citizens or lawful permanent residents are married to undocumented immigrants.[11] Four million children in the U.S. share a home with at least one parent who is unauthorized.[12]

45. Families that contain a non-U.S. citizen spouse are particularly vulnerable to the economic dislocation associated with the COVID-19 pandemic.

---

[8] Internal Revenue Serv., "Instructions for Form W-7" (Sept. 2019), available at https://www.irs.gov/pub/irs-pdf/iw7.pdf (last visited April 27, 2020).
[9] Institute on Taxation and Economic Policy, "How the Tax Rebate in the Senate's Bill Compares to Other Proposals," (March 25, 2020), available at https://itep.org/how-the-tax-rebate-in-the-senates-bill-compares-to-other-proposals/ (last visited April 27, 2020).
[10] Internal Revenue Serv., "IRS Nationwide Tax Forum: Immigration and Taxation" (2014), available at https://www.irs.gov/pub/irs-utl/20-Immigration%20and%20Taxation.pdf (last visited April 27, 2020).
[11] Migration Policy Institute, "Profile of the Unauthorized Population: United States," available at https://www.migrationpolicy.org/data/unauthorized-immigrant-population/state/US#marital (last visited April 27, 2020).
[12] Migration Policy Institute, "A Profile of U.S. Children with Unauthorized Immigrant Parents," available at https://www.migrationpolicy.org/research/profile-us-children-unauthorized-immigrant-parents (last visited April 27, 2020).

46. Accommodation and food services, health care and social assistance, administrative and waste services, and retail trade are the industries that experienced the biggest job layoffs in March 2020, according to the latest employment data.[13] Non-U.S. citizen immigrants make up a strong proportion of the workers in these industries.[14]

47. Foreign-born workers earn less than native-born workers. In 2018, median usual weekly earnings of foreign-born, full-time wage and salary workers were 83.3 percent of the earnings of their native-born counterparts.[15] In addition, non-U.S. citizen immigrants are significantly more likely than citizens to lack health insurance.[16]

48. Plaintiffs are U.S. citizens who possess social security numbers and whose spouses, with whom they live and raise children, do not possess social security numbers.

49. Plaintiffs pay taxes and file their tax returns jointly with their spouses just like other married individuals. Filing tax returns jointly with their taxes is part of married life for Plaintiffs. Plaintiffs jointly filed their tax returns to express their family union to the government and society. Plaintiffs' desire to jointly file their taxes is an expression of their marriages and the unity of their families, in addition to securing the benefits available to spouses who file jointly.

50. It is important to Plaintiffs' fundamental right to self-determination to express to whom they are married. That expression is sacred to them. Expressing that they are married and

---

[13] U.S. Bureau of Labor Statistics, "Current Employment Statistics," April 3, 2020, available at https://www.bls.gov/web/empsit/ceseeb1a.htm (last visited April 27, 2020)

[14] U.S. Bureau of Labor Statistics, "Foreign-Born Workers: Labor Force Characteristics -- 2018," May 16, 2019, available at https://www.bls.gov/news.release/pdf/forbrn.pdf (last visited April 27, 2020)

[15] *Id*.

[16] Kaiser Family Foundation, "Health Coverage of Immigrants," March 18, 2020, available at https://www.kff.org/disparities-policy/fact-sheet/health-coverage-of-immigrants/ (last visited April 27, 2020).

expressing to whom they are married dignifies the Plaintiffs' wish to define themselves by their commitment to their spouses.

51. Plaintiffs jointly file tax returns to give recognition to their marriage and families, and to allow their children to understand the integrity and closeness of their families and their concord with other families in their communities.

52. The CARES Act's and Defendants' failure to provide Plaintiffs recovery payments disparages Plaintiffs' choices and diminishes their personhood. By denying Plaintiffs and other mixed-status couples recovery payments, the CARES Act and Defendants force Plaintiffs and their children to suffer the stigma of knowing their families are adversely treated compared to other families. The CARES Act and Defendants humiliate Plaintiffs and the children of mixed-status couples by treating them adversely as compared to other families.

## CLASS ACTION ALLEGATIONS

53. Plaintiffs bring this action on their own behalf and all other persons similarly situated, pursuant to Federal Rule of Civil Procedure 23.

54. Plaintiffs bring this action individually and on behalf of a class defined as: All persons who are otherwise qualified for and would have received recovery payments but for the fact that they are excluded by 26 U.S.C. § 6428 (g)(1)(B) because their spouses lack social security numbers.

55. Plaintiffs reserve the right to amend the Class and any potential subclass definitions if further investigation and discovery indicate that the Class and potential subclass definitions should be narrowed, expanded, or otherwise modified. Excluded from the Class and

potential subclass are any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

56. Members of the putative Class are so numerous that joinder is impracticable. Upon information and belief, there are over one million individuals against whom Defendants discriminate pursuant to 26 U.S.C. § 6428 (g)(1)(B). Plaintiffs do not know the precise number of Class members, as this information is in Defendants' possession.

57. The putative class shares common questions of fact and law. These include the common facts related to individuals who have a social security number and are married to spouses who lack a social security number, and the common questions: (1) whether 26 U.S.C. § 6428 (g)(1)(B) violates the U.S. Constitution by discriminating against individuals with social security numbers who are married to individuals who lack social security numbers; (2) whether Plaintiffs and the Class suffered harm as a result of 26 U.S.C. § 6428 (g)(1)(B)'s and Defendants' unlawful policy and/or practice; (3) what equitable and injunctive relief for the Class is warranted; and (5) the scope of a resulting permanent injunction.

58. The claims alleged by the named individual Plaintiffs are typical of the claims of the putative Class because the challenged statutory provision applies with the same force to the named individual Plaintiffs as they do to all other members of the Class.

59. The named individual Plaintiffs will fairly and adequately protect the interest of the Class because there are no conflicts of interest between any class members and the named individual Plaintiffs possess a strong personal interest in the subject matter of this lawsuit and the claims raised. Plaintiffs are represented by counsel with expertise in class action litigation, complex federal litigation and litigation involving constitutional law. Counsel

has the legal knowledge and resources to represent fairly and adequately the interests of all class members in this action.

60. The universe of people affected by the CARES Act's and Defendants' unlawful policy and/or practice is ascertainable through Defendants' records and, therefore, the Class is ascertainable.

61. This class action may be maintained under Federal Rule of Civil Procedure 23(b) because prosecuting separate actions by individual Class members would create a risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for Defendants.  Defendants also have acted or failed to act on grounds that generally apply to all Class members, necessitating the declaratory and injunctive relief Plaintiffs seek.  In addition, questions of law and fact common to Class members predominate over questions affecting only individual Class members.  A class action is superior to other available methods for fairly and efficiently adjudicating the controversy because, among other things, a class action would concentrate a multiplicity of individual actions, which share common facts and legal disputes, in a single forum.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

### Fifth Amendment to the U.S. Constitution (Substantive Due Process)

62. Plaintiffs incorporate all of the allegations contained in the previous paragraphs of this complaint as though fully set forth here.

63. The Fifth Amendment to the U.S. Constitution protects freedom of personal choice in matters of marriage and family life.

64. 26 U.S.C. § 6428 (g)(1)(B)'s exclusion of Plaintiffs from receiving recovery payments, based only on to whom they are married "slic[es] deeply into the family itself." *Moore v. City of E. Cleveland, Ohio*, 431 U.S. 494, 498 (1977). On its face, and as applied, 26 U.S.C. § 6428 (g)(1)(B) selects certain categories of married individuals who may receive recovery payments and declares that others may not. In particular, 26 U.S.C. § 6428 (g)(1)(B) denies recovery payments to Plaintiffs based on their choice to marry individuals who lack a social security number.

65. 26 U.S.C. § 6428 (g)(1)(B)'s threatens Plaintiffs' freedom of choice in personal matters related to marriage and family, including the sanctity of Plaintiffs' interest in defining their families though personal choice.

66. 26 U.S.C. § 6428 (g)(1)(B) intentionally and substantially infringes upon and unduly burdens Plaintiffs' liberty interests, as well as other interests that form the basis of Plaintiffs' fundamental right to marry and to choose how to define their families.

67. Plaintiffs' choice of whom to marry is fundamental to their autonomy, dignity, and self-determination. 26 U.S.C. § 6428 (g)(1)(B)'s exclusion of Plaintiffs from receiving recovery payments unduly interferes with Plaintiffs' fundamental rights and liberty interests, is arbitrary, unfair, and unreasonable, and lacks an adequate justification.

68. As a proximate result of Defendants' conduct, Plaintiffs suffered injury to their constitutional rights under the Fifth Amendment's Due Process Clause.

## SECOND CAUSE OF ACTION

### First Amendment to the U.S. Constitution (Freedom of Expression)

69. Plaintiffs incorporate all of the allegations contained in the previous paragraphs of this complaint as though fully set forth here.

70. The First Amendment provides that "Congress shall make no law . . . abridging the freedom of speech."

71. Plaintiffs are members of mixed-status married couples who engage in protected First Amendment activity when Plaintiffs express their lawful marriage and commitment to their spouses who lack social security numbers through means including filing their joint federal tax returns.

72. 26 U.S.C. § 6428 (g)(1)(B) violates Plaintiffs' right to freedom of speech and association guaranteed by the First Amendment by denying them recovery payments because they express their lawful marriage and commitment to, and association with, their spouses in their 2018 or 2019 jointly-filed federal tax returns.

73. Defendants rely on Plaintiffs' speech and association in their 2018 or 2019 tax returns to deny Plaintiffs recovery payments.

74. There is no substantial governmental interest, rational basis, or compelling governmental interest in burdening Plaintiffs' speech by denying Plaintiffs recovery payments because they exercise their First Amendment rights through means including filing joint tax returns with their spouses who lack social security numbers.

75. As a proximate result of Defendants' conduct, Plaintiffs suffered injury to their constitutional rights under the First Amendment.

### THIRD CAUSE OF ACTION

### Fifth Amendment to the U.S. Constitution (Equal Protection Clause)

76. Plaintiffs incorporate all of the allegations contained in the previous paragraphs of this complaint as though fully set forth here.

77. The Fifth Amendment to the United States Constitution guarantees all persons equal treatment under the law. The right to marry is secured by the Equal Protection Clause.

78. 26 U.S.C. § 6428 (g)(1)(B), on its face and as applied to Plaintiffs, violates the equal protection guarantee of the Fifth Amendment by burdening Plaintiffs' fundamental right to marry in a way that is incompatible with requirements of equality. Marriage has long been regarded as a fundamental right, the foundation of the family, and of society. It embraces the right to personal choice, individual autonomy, and dignifies couples who define themselves by their commitment to each other.

79. As a direct result of 26 U.S.C. § 6428 (g)(1)(B), the federal government treats Plaintiffs, who are legally married, differently than other married couples simply because their spouses lack social security numbers. As a result of the disparate treatment, Plaintiffs are excluded from receiving recovery payments. 26 U.S.C. § 6428 (g)(1)(B) also infringes on Plaintiffs' right to enjoy all the benefits of marriage afforded to other married couples.

80. Defendants cannot justify creating this classification that singles out one class of married individuals with social security numbers and subjects them to different treatment based on whom they marry.

81. Defendants intentionally discriminate against Plaintiffs when they enforce this statute that infringes on the exercise of a fundamental right.

82. As a proximate result of Defendants' conduct, Plaintiffs suffered injury to their constitutional rights under the Fifth Amendment's Equal Protection Clause.

83. Defendants' violation has caused and will cause Plaintiffs harm.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court:

(a) Declare that 26 U.S.C. § 6428 (g)(1)(B) is unconstitutional and unenforceable because it violates the First Amendment to the U.S. Constitution and the Due Process and Equal Protection guarantees of the Fifth Amendment to the U.S. Constitution;

(b) Enjoin Defendants and their agents from enforcing 26 U.S.C. § 6428 (g)(1)(B) and further enjoin Defendants from otherwise requiring Plaintiffs and other similarly-situated individuals to provide social security numbers for their spouses in order to receive recovery payments under 26 U.S.C. § 6428 (a).

(c) Award Plaintiffs reasonable costs, expenses, and attorneys' fees pursuant to 28 U.S.C. § 2412; and

(d) Award such additional relief as the interests of justice may require.

Dated: April 28, 2020

Respectfully submitted,

By /s/ Robert P. Newman
Robert P. Newman, MBA, Esq.
*Attorney & Counselor At Law*
801 Wayne Avenue
Suite 400
Silver Spring, MD 20910
Office: 301.892.2713
Fax: 301.883.1533
Text: 301.786.3793
rnewman@rpnewmanlaw.com

MEXICAN AMERICAN LEGAL DEFENSE AND EDUCATIONAL FUND
Thomas A. Saenz (CA Bar No. 159430 )*
Belinda Escobosa (CA Bar No. 214178)*
Andres Holguin-Flores (CA Bar No. 305860)*
634 S. Spring St., 11th Floor
Los Angeles, CA 90014
Telephone: (213) 629-2512
Facsimile: (213) 629-0266
bescobosa@maldef.org

MEXICAN AMERICAN LEGAL DEFENSE AND EDUCATIONAL FUND
Nina Perales (Tex. Bar No. 24005046)*
Fátima Menéndez (Tex. Bar No. 24090260)*
Samantha Serna (Tex. Bar No. 24090888)*
110 Broadway, Suite 300
San Antonio, TX 78205

Telephone: 210.224.5476
Facsimile: 210.224.5382
nperales@maldef.org

MEXICAN AMERICAN LEGAL DEFENSE
AND EDUCATIONAL FUND
Andrea Senteno (NY Bar No. 5285341)*
1016 16th Street NW, Suite 100
Washington, DC 20036
Phone: (202) 293-2828
Facsimile: (202) 293-2849
 asenteno@maldef.org

*Application for admission *pro hac vice* forthcoming